# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2010

No. 09-20404
Summary Calendar

Lyle W. Cayce
Clerk

KATHY MATTHEWS,

Plaintiff - Appellant

v.

CITY OF HOUSTON FIRE DEPARTMENT; DAVID SWAN; CHIEF JACK
WILLIAMS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1783

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff Kathy Matthews appeals the summary judgment dismissal of her
claims for retaliation under the Texas Workers' Compensation Act, Tex. Lab.
Code Ann. § 451.001, *et seq.*, and race, sex, age, and disability discrimination
under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Age
Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; and the Americans
with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-20404

Matthews complains that the district court disregarded her evidence and instead made credibility determinations. She asserts that she provided evidence to support her claims of discrimination. An initial and dispositive problem is that Matthews fails to provide citations to portions of the record to support her assertions. The summary judgment ruling and assertions Matthews raises on appeal involve record-intensive inquiries. By failing to cite to the record, Matthews has waived consideration of her claims and failed to show that the district court erred in granting the motion for summary judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Cf.* Fed. R. App. P. 28(a)(9)(A).

Even if we consider Matthews' claims, the pleadings and evidence do not raise a genuine issue of material fact. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 464 (5th Cir. 1996); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986); Fed. R. Civ. P. 56(c). Largely for the reasons stated in the Magistrate Judge's thorough Memorandum and Recommendation, which was adopted by the district court, we conclude that all of Matthews' claims are time-barred, unsupported by a *prima facie* case, or lack evidence of a necessary element.

Matthews' appeal is without arguable merit and, thus, is dismissed as frivolous. *See* 5th Cir. R. 42.2. In light of the foregoing, her motion for the production of transcripts at government expense is denied.

APPEAL DISMISSED; MOTION DENIED.